James R. ALLEY, Petitioner,

v.

VETERANS ADMINISTRATION MEDICAL CENTER, Respondent.

No. 82–1159.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1982.

Decided Oct. 15, 1982.

Robert G. Ulrich, U. S. Atty., Larry D. Coleman, Asst. U. S. Atty., Kansas City, Mo., for respondent.

James R. Anderson, Kansas City, Mo., for petitioner.

Before BRIGHT and ARNOLD, Circuit Judges, and MEREDITH,* Senior District Judge.

BRIGHT, Circuit Judge.

James R. Alley seeks review of a decision of the United States Merit Systems Protection Board (Board) upholding his job demotion by the Veterans Administration Medical Center in Kansas City, Missouri. We affirm the decision of the Board.

### I. Background.

In June 1981, Alley received notice from his employer, the Veterans Administration Medical Center, that he would be demoted from the position of general engineer, with a salary of $27,736 a year, to the position of engineering technician, with a salary of $19,747 a year. His proposed demotion was based upon his alleged failure to perform properly his duties as general engineer and his alleged failure to work well with supervisors and coworkers. Alley denied these charges in writing, and asserted that his supervisors were retaliating against him because of a complaint he had filed with the Inspector General, in which he had alleged mismanagement, gross neglect, expenditure of unauthorized funds, unsafe construction projects, and acceptance of bribes by Alley's former supervisors.

Nonetheless, Alley received notice from the VA Medical Center that he would be demoted. He appealed the demotion to the Board. In October and November of 1981, the Board held hearings and issued a decision sustaining the VA Medical Center's decision to demote Alley. On appeal to this court, Alley argues: (1) the Board erred in requiring that the agency decision be supported by a preponderance of the evidence rather than substantial evidence; (2) the Board erred in requiring Alley to support his affirmative defense by a preponderance of the evidence; (3) the Board denied Alley a fair and impartial hearing on the merits because of the presiding official's bias and hostility; and (4) the Board's decision was not supported by substantial evidence.

### II. Discussion.

#### A. The Burden of Proof Issue.

█ Alley argues that the Board erred by requiring the VA Medical Center to prove by a preponderance of the evidence Alley's alleged unacceptable job performance. Alley argues that the correct standard is the substantial evidence test. This argument is without merit. Even if the Board misapplied the burden of proof by requiring the VA Medical Center to prove by a preponderance of the evidence that Alley was guilty of unacceptable job performance, this mistake was harmless and inured to the benefit of Alley, because the standard applied was more burdensome than the standard Alley suggests.

█ Alley also argues that the Board erred by requiring him to prove by a preponderance of the evidence that the demotion was a reprisal for "whistleblowing."[1] Alley argues that the standard of proof required of employees who are attempting to show that an otherwise legitimate employer action is impermissible because it constitutes a reprisal for whistleblowing should be the substantial evidence test. We reject this contention. The Board has ruled previously that the standard of proof required of the affected employees in such cases is the preponderance of evidence test, *Shockro v. Federal Communications Commission,* MSPB Docket No. DC035109067 (Mar. 9, 1981), and we find nothing in Alley's argument which suggests this view is incorrect.

#### B. Bias and Hostility.

█ Alley contends that the presiding official demonstrated hostility and bias

---

* JAMES H. MEREDITH, United States Senior District Judge, Eastern District of Missouri, sitting by designation.

1. An agency employer can, of course, demote an employee for unacceptable job performance. However, an agency decision to demote must not be sustained where it is a reprisal for disclosures made to the Inspector General of the agency. *See* 5 U.S.C. §§ 2302(b)(8)(B), 7701(c)(2) (Supp.1980).

against him on several occasions during the course of the hearings, and that this denied Alley a fair and impartial hearing on the merits. Our review of the record discloses no prejudicial bias or hostility on the part of the presiding official.

C. *Substantial Evidence.*

 Alley's final contention is that the Board's decision is not supported by substantial evidence. Alley's argument in this regard is also without merit. Our review of the record finds substantial evidence to support the Board's decision.

Finding no error in the Board's decision, we affirm.